UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFREY ALAN LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-1146-JDT-cgc |
| | ) |
| CHAD JACKSON, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On August 8, 2018, Plaintiff Jeffrey Alan Long, currently in custody at the Haywood County Justice Complex (Jail) in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Long submitted the required financial information, (ECF No. 5), the Court issued an order on August 30, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 6). Long sues Chad Jackson and Blake Perry of the West Tennessee Drug Task Force.[1]

---

[1] Long also seeks to sue "around 5 to 7 more agents" whose identity he does not provide. (ECF No. 1 at PageID 2.) Service of process cannot be made on an unknown or fictitious party. The filing of a complaint against an unknown Defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

Long alleges that on June 14, 2018, he was "approached by SUVs" when he was leaving his home his home in Halls, Tennessee. (ECF No. 1 at PageID 2.) Long apparently was in a vehicle because he alleges the SUVs conducted a traffic stop, after which he was "surrounded by several vehicles and men with guns yelling aggressive[ly]." (*Id.*) Long alleges he stuck his hands out his window "to show I was submitting to there [sic] Authority." (*Id.*) Unspecified agents allegedly approached Long and knocked him unconscious with "a weapon to the face." (*Id.*) Long awoke to repeated blows to his face and head by several agents who allegedly continued to beat him "for several minutes." (*Id.*) When the beating stopped, the agents bandaged Long's head before handing him over to Haywood County. (*Id.*) Upon his arrived in Haywood County, Long alleges he was "immedeatly [sic] rushed" to Jackson Madison County General Hospital for treatment of injuries to his skull, shoulder, ribs, and eyes. (*Id.*)

Long requests an investigation into "this brutal corrupt event" and insists "there should be body cam or dash cam" footage available to corroborate his allegations. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest

an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Long filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Long names two Defendants in his complaint but does not allege any unlawful action taken by either of them. He suggests Defendants Jackson and Perry were involved but alleges only generally that "men with guns" aggressively approached him and that "the agents" beat him for several minutes. Nor is it clear whether all of the men involved were agents hired by or assigned to the West Tennessee Drug Task Force or whether they only represent a different agency or county.[2] Long also provides only scant details of the circumstances surrounding the traffic stop. He does not describe the reason for the stop, whether he faced any charges, or whether he was attempting to flee the agents when he was stopped. These details are necessary to guide the Court's screening of his complaint. As it stands, Long's general allegations are insufficient to state a claim against any individual Defendant. *See Twombly*, 550 U.S. at 570 (holding that a complaint that fails to allege any action by a Defendant necessarily fails to "state a claim for relief that is plausible on its face"). His complaint is therefore subject to dismissal in its entirety for failure to state a claim upon which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to

---

[2] According to Tennessee Code Annotated § 8-7-110(a), a judicial drug task force or judicial violent crime and drug task force is an entity that may be established by a single Tennessee judicial district or jointly by multiple judicial districts. It is usually multi-jurisdictional and can be made up of various personnel such as law enforcement officers, assistant district attorneys general and district attorney general criminal investigators. A task force can hire its own personnel and/or personnel may be assigned to the task force "by the chief law enforcement official of the assigning jurisdiction, including, but not limited to, sheriff offices, police departments, task forces, state law enforcement agencies and district attorneys general offices." *Id.*

cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Long should be given an opportunity to amend his complaint.

In conclusion, Long's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one days after the date of this order.

Long is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Long fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
       JAMES D. TODD
       UNITED STATES DISTRICT JUDGE