UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ALAN LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1146-JDT-cgc |
| | ) | |
| CHAD JACKSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Jeffrey Alan Long filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) On June 6, 2019, the Court entered an order dismissing the complaint and granting leave to file an amended complaint. (ECF No. 8.) The Court warned Long that if he failed to file an amended complaint within twenty-one days, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at PageID 28.)

Long has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the June 6, 2019, order dismissing the complaint for failure to state a claim. Long is assessed his second strike under § 1915(g).[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

___

[1] Long also filed *Long v. Fischer, et al.*, No. 18-1190-JDT-cgc (W.D. Tenn. Nov. 2, 2018) (dismissed for failure to state a claim).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Long would not be taken in good faith.

The Court also must address the assessment of the $505 appellate filing fee if Long nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA. Long is instructed that if he files a notice of appeal and wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                      s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE